RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacki Hilbert**,** on behalf of herself and all others similarly situated,<br><br>                                        Plaintiff,<br><br>      --against<br><br>Belfast Gastro Pub Inc., David Crowe, an individual, Robert Fortier, an individual,<br><br>                                        Defendants. | **COMPLAINT** |

Plaintiff, Jacki Hilbert ("Plaintiff"), on behalf of herself and all others similarly situated, by

counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, Belfast

Gastro Pub Inc. and David Crowe, and Robert Fortier, jointly and severally (collectively referred to

herein as "Defendants") alleges:

## NATURE OF THE ACTION

1.    This action seeks to recover unpaid minimum wage and overtime and other monies

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York

Labor Law § 190, *et seq.* ("NYLL") on behalf of Plaintiffs and all others similarly situated.

2.    Defendants deprived Plaintiff, and all others similarly situated, of the protections of the

1

FLSA and NYLL by failing to pay minimum wage and premium overtime pay for all hours worked in excess of 40 hours per week.

3.    Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for lost wages, liquidated damages, violations of the Wage Theft Prevention Act, pre-judgment and post-judgment interest, counsel fees, and costs pursuant to the FLSA and the NYLL

## JURISDICTION

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7.    Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391 because the corporate defendant is located there and the cause of action arose there.

## THE PARTIES

**Plaintiff**

8.    Defendants employed Plaintiff Jacki Hilbert as a Bartender to perform the following duties from on or about January 2022 through February 2023:  mixing drinks, collecting payments by cash and credit card, preparation work, running food from the kitchen, and cleaning and restocking the bar

9.    Defendants employed Plaintiff Jacki Hilbert  2 to 4  days per week,  approximately 14 to 28 hours each week, depending on her work schedule.

2

10.   On occasion, Plaintiff worked more than 40 hours in a week.

11.   Defendants paid Plaintiff Jacki Hilbert as follows: $25 per shift, plus tips.

12.   Plaintiff was not exempt from the FLSA.

13.   Defendants did not pay Plaintiff minimum wage.

14.   Plaintiff was not permitted an uninterrupted half hour for required meal breaks, even when Plaintiff worked double shifts.

15.   Plaintiff was required to pay for meals.

16.   Plaintiff performed side work that exceeded 2 hours per day and 20% of her shift.

17.   Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

18.   Defendants also misappropriated Plaintiff's tips by collecting, withholding, and failing to distribute tips from banquets which were intended for Plaintiff.

**Defendants**

19.   Defendant Belfast Gastro Pub Inc., is a New York corporation with its principal executive office located at 101 N. Wellwood Ave, Lindenhurst, NY 11757 in the County of Suffolk.

20.   Defendants operate a bar and restaurant a bar and restaurant located in Suffolk County, New York.

21.   Defendant Belfast Gastro Pub Inc. is in the Hospitality business.

22.   Defendant Belfast Gastro Pub Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including alcohol, soda, napkins, silverware, tables, chairs, and computers, and (2) an annual gross volume of sales in excess of 500,000.

3

23.  Defendant Belfast Gastro Pub Inc. is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs.

24.  Defendant David Crowe is an owner and/or officer of Belfast Gastro Pub Inc.  Defendant David Crowe  exercises sufficient control over the corporation's operations to be considered Plaintiffs' employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

25.  At all relevant times, David Crowe  has maintained control, oversight, and direction over Plaintiffs because David Crowe  hired Plaintiffs, terminated Plaintiffs, and set Plaintiffs' rate of pay.

26.  Defendant Robert Fortier is an owner and/or officer of Belfast Gastro Pub Inc. Defendant Robert Fortier exercises sufficient control over both corporations' operations to be considered Plaintiffs' employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

27.  At all relevant times, Defendant Robert Fortier has maintained control, oversight, and direction over Plaintiffs because Robert Fortier hired Plaintiffs, terminated Plaintiffs, and set Plaintiffs' rate of pay.

28.  The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGE AND OVERTIME

29.  Defendants suffered or permitted Plaintiffs to work more than 40 hours per week, without

4

paying Plaintiffs premium overtime pay at the rate of time and one half for hours worked in excess of

40 hours per week, and without paying Plaintiffs minimum wage.

30. Defendants did not issue Plaintiffs a valid tip credit notice to Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this FLSA Collective action under 29 U.S.C. § 216(b) on behalf of all

hourly employees who worked for defendants at the Lindenhurst location in a tipped position on

and after a date that is three years prior to the filing of this complaint.

32. At all times herein, plaintiffs and the FLSA Collective plaintiffs have been similarly

situated and have had substantially similar job requirements and pay provisions, and plaintiff and

FLSA Collective plaintiffs were all subject to defendants' common practices, policies, and

customs by which the defendants did not pay plaintiffs minimum wage because Defendants paid

shift pay which fell below the minimum wage.

33. The FLSA Collective action is brought as an opt-in pursuant to § 16(b) of the FLSA,

29 U.S.C. § 216(b). The names and addresses of the Collective action plaintiffs are readily

available to defendants, and notice can be provided to the Collective action plaintiffs based on the

last known addresses maintained by defendants. Notice can be provided to the FSLA Collective

Action plaintiffs by first class mail.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

34. The NYLL and Wage Theft Prevention Act requires employers to provide all employees

with a written notice of wage rates within ten days of the time of hire and when the wage rate is

increased.

5

35.  Defendants failed to furnish Plaintiffs with wage notices as required by § 195(1) of the Labor Law.

36.  The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

37.  Defendants also failed to furnish Plaintiffs with accurate statements of wages, as required by § 195(3) of the Labor Law.

## SPREAD OF HOURS PAY

38.  Pursuant to New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Defendants were required to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage for each day that Plaintiffs' spread of hours worked exceeded 10 hours per day.

39.  Defendants failed to pay Plaintiffs an extra hour of pay for each hour in which Plaintiffs' spread of hours met, or exceeded, 10 hours per day.

## DEFENDANTS' UNLAWFUL DEDUCTION FROM WAGES

40.  Defendants are not permitted to deduct any money, or charge Plaintiffs any money, from the tips, gratuities, or fees earned by Plaintiffs.

41.  Defendants deducted money from Plaintiffs' banquet tips to pay restaurant expenses in violation of the New York State Labor Law, and other deductions as set forth herein.

42.  Defendants charged an additional 3% to customers for credit card charges.  Despite collecting this fee, Defendants then subtracted 3% from Plaintiffs' wages for credit card charges.

43.  Defendants never provided Plaintiffs a meal, pursuant to 12 N.Y.C.R.R. § 146-1.9.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

44.  Plaintiff, on behalf of herself and the collective, realleges, and incorporate by reference,

45. At all times relevant, Plaintiff, and the collective were each an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

46. At all times relevant, Defendants have been employers of Plaintiffs, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

47. Defendants have failed to pay Plaintiff and the collective a minimum wage, to which Plaintiffs are entitled under the FLSA.

48. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional and systematic. Defendants were aware or should have been aware that the practices enumerated herein were unlawful.

49. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the collective.

50. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

51. As a result of Defendants' willful violations of the FLSA, Plaintiff and the collective have suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and prejudgment interest and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**(FLSA – Unpaid Overtime)**

52. Plaintiff, on behalf of herself and the collective, realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

53. Defendants have failed to pay Plaintiff and the collective overtime wages for hours worked in excess of 40 hours per week, to which Plaintiff and the collective are entitled under the

54. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional and systematic. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

55. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

56. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

57. As a result of Defendants' willful violations of the FLSA, Plaintiff and the collective have suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## THIRD CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wage)

58. Plaintiff, realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

59. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and Defendants therefore employed Plaintiffs.

60. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

61. At all times relevant, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff and the collective within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

62. Defendants have failed to pay Plaintiff the minimum wage to which Plaintiff and the

8

collective are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

63. Through their knowing or intentional failure to pay minimum wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

64. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable counsel fees, costs, and pre- and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (NYLL – Overtime)

65. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

66. Defendants have failed to pay Plaintiff premium overtime pay to which Plaintiffs are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

67. Through their knowing or intentional failure to pay minimum wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

68. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

69. Plaintiff repeats and realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

70. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by

9

language, containing Plaintiff and collective's rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime

rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with

NYLL, Article 6, § 191; the name of the employer, and any "doing business as" names used by the

employer, the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer; plus such other information as the

commissioner has deemed material and necessary.

71. Through their knowing or intentional failure to provide Plaintiff with the wage notices

required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the

supporting New York State Department of Labor Regulations.

72. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from

Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and

disbursements of the action, pursuant to the NYLL § 198(1-d).

## SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

73. Plaintiff realleges, and incorporates by reference, all previous allegations as though

fully set forth herein.

74. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages

as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the

number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

75. Through their knowing or intentional failure to provide Plaintiff with the accurate wage

statements required by the NYLL. Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

76. Due to Defendants' violation of NYLL § 195 (3), Plaintiff is entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SEVENTH CAUSE OF ACTION
### (Spread of Hours Pay)

77. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

78. Defendants regularly and knowingly required Plaintiff to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

79. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay, at the basic minimum wage, for every day in which the interval between Plaintiffs' start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

80. Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, Plaintiffs' unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (Unlawful Wage Deductions)

81. Plaintiffs reallege, and incorporate by reference, all previous allegations as though fully set forth herein.

82. Pursuant to § 193 of the New York Labor law, defendants are not permitted to deduct anything from tips, gratuities, or fees paid to Plaintiffs.

83. Defendants confiscated tip money customers paid for banquets to pay restaurant expenses.

84. Defendants also charged patrons 3% for credit card usage and then charged Plaintiffs 3% for credit card tips, which is an unlawful deduction from tips since Defendants already recovered the 3% from the patrons.

85. Said deductions from Plaintiffs' pay, or forced expenditures, are prohibited and unlawful under § 193 of the New York Labor Law and under 22 NYCRR § 146-1.8 and under *Samiento v. World Yacht, Inc.*,  10 N.Y.3d 70, 854 N.Y.S.2d 83 (2008).

86. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, the unlawful deductions from pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the collective, respectfully requests that this Court enter a judgment:

a.    Declaring that Defendants have violated the minimum wage and overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b.    declaring that Defendants have violated the minimum wage and overtime provisions of the NYLL, and supporting regulations;

c.    declaring that Defendants have violated the Wage Theft Prevention Act;

d.    declaring that Defendants' violations of the FLSA were willful;

e.    declaring that Defendants' violations of the NYLL were willful;

f.    awarding Plaintiffs damages for all unpaid wages;

g.    awarding Plaintiffs liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.    awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i.    awarding Plaintiffs liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j.    awarding Plaintiffs damages for spread of hours pay, including liquidated damages;

k.    awarding Plaintiffs damages for unlawful deductions on wages, and liquidated damages and counsel fees, in violation of the NYLL;

l.    issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

m.    awarding Plaintiffs pre-judgment and post-judgment interest under the FLSA and the NYLL;

n.    granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

o.    awarding Plaintiffs reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

p.    awarding such other and further relief as the Court deems just and proper.

Dated:    Mineola, NY
          April 3, 2024

By: RAYMOND NARDO, P.C.

RAYMOND NARDO, ESQ.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*